STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-17-1051

JOSHUA NISBET,

     Petitioner

v.

STATE OF MAINE,

     Respondent.

**POST-CONVICTION DISMISSAL
ORDER**

Petitioner Joshua Nisbet has filed a petition for post-conviction review pursuant to 15 M.R.S. §§ 2121-2132 (2013). Petitioner's challenge stems from the criminal judgment entered against him in the Unified Criminal Docket (Cumberland, *Warren, J.*) on May 20, 2014.

## BACKGROUND

On July 18, 2011, petitioner was charged by criminal complaint with robbery (CR-11-459). Petitioner entered a plea of not guilty on September 26, 2011. The extensive pre-trial procedural history in the underlying case ultimately led the court to find petitioner had forfeited his right to counsel.[1] As a result, the petitioner represented himself at trial with the assistance of two court-appointed standby attorneys. The jury trial was held April 28 through May 1, 2014. The jury found petitioner guilty. On May 20, 2014, the court sentenced petitioner to the Department of Corrections for 14 years with all but seven (7) years of confinement suspended and to four (4) years probation.

Petitioner appealed the judgment challenging the court's finding that he forfeited his right to counsel. On September 16, 2015, the Law Court affirmed the judgment holding that petitioner

---

[1] The Law Court described the procedural history at length in *State v. Nisbet*, and thus, the court does not reproduce it here. 2016 ME 36, 134 A.3d 840

1

had impliedly waived and forfeited his constitutional right to counsel. Petitioner sought a writ of certiorari, which the Supreme Court of the United States denied on October 3, 2016.

Petitioner is currently imprisoned at Maine State Prison. He again seeks court-appointed counsel and has filed the appropriate papers pursuant to 15 M.R.S. § 2129(1)(B).

## GROUNDS ALLEGED

Petitioner seeks post-conviction review alleging ineffective assistance of counsel and violation of his Sixth Amendment right to counsel. "A person under restraint or impediment . . . shall demonstrate that any [post-conviction review] ground of relief has not been waived." 15 M.R.S. § 2128. When trial errors are claimed or are claimable in a direct appeal they may not be raised in post-conviction review. § 2128(1). The grounds petitioner alleges in his petition reiterate the exact issue raised and addressed by the Law Court on direct appeal. Therefore, petitioner fails to demonstrate the grounds have not been waived. *Id*.

## CONCLUSION

Because it plainly appears from the face of the petition that the alleged grounds have been waived and no exception to waiver is disclosed, the petition is summarily dismissed. M.R.U. Crim. P. 70(b)(2).

Therefore it is hereby ORDERED:

The petition for post-conviction review is summarily dismissed.

Dated: March 23, 2017

_____
Hon. John O'Neil, Jr.
Justice, Superior Court

2